684 F.2d 1326
 1982-2 Trade Cases 64,916
 ANTI-MONOPOLY, INC., Plaintiff-Appellant,
v.
GENERAL MILLS, INC., et al., Defendants-Appellees.
ANTI-MONOPOLY, INC., Plaintiff-Appellant,
v.
GENERAL MILLS, INC., and General Mills Fun Group, Inc.,
Corporations, and Smeets En Schipper Spellen, B.
V., a Corporation, as Co-Conspirator,
Defendants-Appellees.
 Nos. 78-2780, 79-4301.
 United States Court of Appeals,
Ninth Circuit.
 Argued Aug. 10, 1981.
Submitted Nov. 9, 1981.
Decided Aug. 26, 1982.
 
 Carl E. Person, New York City, argued, for plaintiff-appellant; John Henry Denton, Denton, Jones & Chanin, Oakland, Cal., on brief.
 Robert S. Daggett, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before DUNIWAY and SNEED, Circuit Judges, and TASHIMA,* District Judge.
 DUNIWAY, Circuit Judge:
 
 
 1
 In these consolidated appeals, we reverse and remand summary judgments granted to defendants in antitrust cases brought under § 4 of the Clayton Act, 15 U.S.C. § 15, charging violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2.
 
 
 2
 In our No. 78-2780, the trial court entered a summary judgment for the defendants in an action, No. C-74-2344 SW, in which Anti-Monopoly, Inc. charged the defendants with monopolization of the business of making and distributing certain games, specifically, the game of "Monopoly." With this action, the trial court consolidated Counts II and III of Anti-Monopoly's complaint in district court action No. C-74-0529. The judgment dismissed action No. C-74-2344 and Counts II and III of the complaint in action No. C-74-0529. This case we call the domestic case.
 
 
 3
 In our No. 79-4301, the trial court entered a summary judgment for the defendants in an action, No. C-75-1688 SW, in which Anti-Monopoly made similar charges relating to foreign commerce in board games. We call this the foreign case.
 
 
 4
 District court action No. C-74-0529, the first count of the complaint, which we call the trademark case, has been twice tried and twice appealed to this court. The first appeal, our No. 77-2302, was decided in 1979, Anti-Monopoly, Inc. v. General Mills Fun Group, 611 F.2d 296 (Anti-Monopoly I ). The case dealt with the validity of General Mills' registered trademark "Monopoly." On remand, the trial court again entered judgment for General Mills, 1981, 515 F.Supp. 448 (Anti-Monopoly II ). The second appeal, our No. 81-4281, Anti-Monopoly, Inc. v. General Mills Fun Group, Inc., --- F.2d ---- (Anti-Monopoly III ), we have decided today. In that decision, we hold that the trademark has become "generic," and is not valid.
 
 The Domestic Case
 
 5
 The district court has twice found that the "Monopoly" trademark is valid. After its first ruling, General Mills moved for dismissal of the domestic case under F.R.Civ.P. 12(b)(6). The district court treated the motion as one for summary judgment under F.R.Civ.P. 56, and entered its judgment on the premise that General Mills had a valid trademark, and that enforcing that valid trademark cannot be, in itself, a violation of the antitrust laws. Because we have reversed the judgment that the "Monopoly" trademark is valid, we now reverse the judgment and remand the domestic case.
 
 The Foreign Case
 
 6
 In the foreign case, Anti-Monopoly, Inc. claimed that General Mills had (1) brought groundless and vexatious actions against it and its licensees in various European countries, (2) made groundless claims in Europe claiming interests in expired patents, and (3) claimed trademark rights in the word "monopoly" knowing them to be invalid. General Mills moved for summary judgment. The district court granted the motion. It said that an affidavit and supporting documents showed that General Mills had prevailed in every one of its European proceedings against Anti-Monopoly, Inc., that this affidavit was not controverted, and that this disposed of claim (1). We agree. Anti-Monopoly has not challenged this on appeal. We affirm the judgment as it relates to claim (1).
 
 As to claim (2), the district court said:
 
 7
 Defendants, however, are not entitled to summary judgment on the charge of assertion of groundless patent claims. They have not met their burden of proof. Mutual Fund Investors v. Putman Management Co., 553 F.2d 620 (9th Cir. 1977). The Berman affidavit indicates that he is responsible for foreign trademark litigation. It is not clear whether the allegations in the complaint relate to formal litigation or also include informal claims. If the latter, the Berman affidavit is not dispositive. Since it is unclear, summary judgment is inappropriate on this basis.
 
 As to claim (3), the district court ruled:
 
 8
 The third claim of the complaint relating to defendants assertion of trademark rights in MONOPOLY is disposed of by this court's prior decision in the trademark infringement action.
 
 
 9
 In the light of today's decision in Anti-Monopoly III, the decision as to claim (3) cannot stand.
 
 
 10
 Surprisingly, after holding that defendants were not entitled to summary judgment on claim (2), the district court also said:
 
 
 11
 Moreover, defendants are also entitled to summary judgment on all claims in the complaint on the additional basis that no cognizable legal injury is alleged.
 
 
 12
 We find no basis for this ruling.
 
 
 13
 In No. 78-2780, we reverse the judgment.
 
 
 14
 In No. 79-4301, we affirm the judgment insofar as it gives judgment against the plaintiffs on the claims specifically set forth in paragraph 11(a) of the complaint, and reverse the judgment as it relates to paragraphs 11(b) and (c) of the complaint.
 
 
 15
 Both cases are remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation